UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK E. PHILLIPS,<br><br>            Plaintiff,<br><br>    v.<br><br>THE EXECUTOR OF THE ESTATE OF ROBERT MORRIS ARNOLD, JANE DOE ARNOLD, wife of the late Robert M. Arnold and their marital community composed thereof, JULIA DE HAAN, JEFFREY ALAN SMYTH, JUANITA MARY JARDIN, CHRISTOPHER ERIC LUNDVALL, and DOES 1-25<br><br>            Defendants. | CASE NO. 2:13-cv-444-RSM<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS |

## I. INTRODUCTION

This matter comes before the Court upon Defendants Julia de Haan and Jeffrey Smyth's Motion to Dismiss. Dkt. # 8. Defendant Estate of Robert M. Arnold ("Arnold Estate") also moves to dismiss the action on other grounds, and in the alternative, it joins Defendants de Haan

and Smyth's motion. Dkt. # 13. For the reasons set forth below, de Haan and Smyth's motion shall be granted in part and deferred in part, and the Arnold Estate's motion shall be granted.

## II. BACKGROUND

This case arises from the alleged wrongful acquisition of data by Defendants from computers owned by Plaintiff and A Dot Corporation (A Dot), a private corporation owned by Phillips, and the subsequent unlawful use of that information to extort him. Dkt. # 1, p. 2.

Mr. Phillips founded and was at various times the majority or sole shareholder of three technology companies: Banana, Inc. ("Banana"); MOD Systems, Inc. ("MOD"); and A Dot Corporation ("A Dot"). *Id.* at ¶ 1. Phillips was prosecuted by the United States for criminal violations with respect to his actions as CEO of MOD. Following a 2011 jury trial, this Court found Phillips guilty of wire fraud, mail fraud, and money laundering. He was sentenced to 48 months in prison for those crimes. *United States v. Phillips*, 10-cr-269-JCC. The duration of the sentence, and the wire fraud and money laundering convictions were affirmed on appeal. *United States v. Phillips*, 704 F.2d 754 (9th Cir. 2012).

Robert Arnold, now deceased, was an investor in both Banana and MOD. Dkt. # 1, ¶ 3. Phillips contends that Julia de Haan was Arnold's accountant and primary advisor. *Id.* at ¶ 5. Jeffrey Smyth is an attorney who represents Arnold's estate and is litigating other civil actions against Phillips. Juanita Jardin is Phillips' former girlfriend and business consultant. *Id.* at ¶ 39. Eric Lundvall was an employee of Phillips and A Dot. *Id.* at ¶ 8. Phillips brings claims against these named Defendants for their actions related to Phillips' ouster from MOD. Phillips contends that the Defendants, acting in concert, "schemed and caused to be filed an unfounded and unsupported 'Derivative Claim' against plaintiff and his companies in an attempt to enrich themselves of the MOD Series A Investment." *Id.* at p. 3. Phillips states that "Defendants also


ORDER ON MOTIONS TO DISMISS - 2

conspired to illegally access plaintiff's personal computers and accounts, stole confidential personal information, interfered with plaintiff's access to his own computers and data, and converted the information in the computers to their own uses, and used the stolen information and data to cause plaintiff harm." *Id.*

In the Complaint, Phillips asserts ten claims: (1) Breach of the Computer Fraud and Abuse Act, (2) Breach of Contract (MOD, Banana) (Against Defendant Arnold Estate), (3) Tortious Interference with Contract (MOD), (4) Tortious Interference with Contract (Banana), (5) Fraud, (Against Defendants Arnold Estate, de Haan, and Smyth), (6) Fraud (Against Defendants Wallace and Lundvall), (7) Conspiracy, (8) Trespass to Chattels, (9) Conversion, and (10) Contractual Indemnity.

Defendants de Haan and Smyth seek dismissal under Fed. R. Civ. P. 12(b)(6) of the Computer Fraud and Abuse Act claim as time-barred. Because this claim provides the sole basis for federal jurisdiction, de Haan and Smyth ask the Court to decline to exercise supplemental jurisdiction over the remaining state law claims. Dkt. # 8. In the alternative, they seek dismissal of the state law claims under Rules 12(b)(6); 8(a); and 9(b). *Id.* Defendant Arnold Estate joins de Haan and Smyth's motion, but also states an alternative ground for dismissal. It contends that RCW 11.40.010, which requires that a claim against a decedent may not be maintained unless a personal representative has been appointed for the estate, has not been satisfied. Dkt. # 13. The Court turns first to the Arnold Estate's motion for dismissal, and then to Defendants de Haan and Symth's motion.

## III. DISCUSSION

**A. Legal Standard**

In considering a Rule 12(b)(6) motion to dismiss, the Court must determine whether the plaintiff has alleged sufficient facts to state a claim for relief which is "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556). In making this assessment, the Court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). The Court is not, however, bound to accept the plaintiff's legal conclusions. *Iqbal*, 129 S. Ct. at 1949-50. While detailed factual allegations are not necessary, the plaintiff must provide more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. In addition, although the court must accept as true all well-pleaded allegations within the complaint, the court need not accept allegations that are contradicted by "matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

**B. Analysis**

    1. <u>Judicial Notice</u>

Defendants ask the Court to take judicial notice of numerous documents. Generally, courts may only consider the complaint and any materials properly submitted with it when ruling on a Rule 12(b)(6) motion. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994).

Courts may, however, take judicial notice of a fact that "is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Such materials may be considered without converting the motion into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

The court may take judicial notice of undisputed "matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). Matters of public record include documents "on file in federal or state courts." *Harris v. County of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012); *see also NuCal Foods, Inc. v. Quality Egg LLC*, 887 F. Supp. 2d 977, 984-85 (E.D. Cal. 2012) (taking judicial notice of pleadings and affidavits filed in state court proceedings).

Defendants' request for judicial notice shall be granted for the following documents, each of which were publicly filed in this Court and Washington State Court: (1) "Defendant's [sic] Phillips's Declaration in Support of His Opposition to Plaintiff's Motion to Strike Impertinent Material," *Arnold v. Phillips et al.*, Case No 10-2-10227-2 SEA, King Co. Superior Ct. (2012) (Dkt. # 9-2, pp. 2-9); the complaint filed in *A Dot Corp. v. Bay*, Case No. 2:10-cv-00549-RSM, (W.D. Wash. 2010) (Dkt. # 9-10, pp. 2-25); and the Order Probating Will and Appointing Personal Representatives filed in *In re Estate of Robert Morris Arnold*, King Co. Superior Ct. Case No. 13-4-07812-8 SEA (Dkt. # 14, pp. 5-9). Although the Court may not "accept the veracity of the representations made in the documents, it may properly take judicial notice of those documents and of the representations having been made therein." *NuCal Foods*, 887 F. Supp. 2d at 984 (internal quotations omitted). The Court declines to consider Defendants other requests for judicial notice as they are non-essential to the disposition of the instant motions.

With respect to the documents cited by Plaintiff in his responsive memoranda, Plaintiff cites no legal authority to show why the documents are properly subject to judicial notice. Moreover, the documents, as characterized within the memorandum, appear to relate solely to Plaintiff's fraudulent concealment argument. That argument, as discussed below, is frivolous. Accordingly, the Court declines to take judicial notice of Plaintiff's requested documents. Because the Court relies only on the Complaint and the three documents properly subject to judicial notice described above, the instant motions may be considered as motions to dismiss.

2. The Arnold Estate's Motion to Dismiss

The Arnold Estate contends that RCW 11.40.010 "unconditionally prohibits any lawsuit against a decedent's estate prior to the proper filing of a claim in the probate proceeding." Dkt. # 13, p. 2. Phillips commenced this action on March 12, 2013, more than one month before the Estate went into probate and personal representatives were appointed. Dkt. # 14, p. 8. (appointing personal representatives on April 24, 2013). RCW 11.40.010 provides as follows:

> A person having a claim against the decedent may not maintain an action on the claim unless a personal representative has been appointed and the claimant has been presented the claim as set forth in this chapter.

The Arnold Estate contends that because Phillips failed to present a formal claim to the personal representatives of the Estate, his lawsuit must fail as a matter of law. Phillips has not opposed the motion.

Under LCR 7(d), if a party fails to oppose a motion, the court may treat the failure to oppose as an admission that the motion has merit. Because Phillips has supplied neither evidence nor argument to demonstrate that he has presented his claim to the personal representatives of the Estate as required under Washington law, the state law claims against the Arnold Estate shall be dismissed without prejudice. As discussed below, the CFAA claim shall be dismissed with prejudice because the claim is irreparably time-barred.

ORDER ON MOTIONS TO DISMISS - 6

3. De Haan and Smyth's Motion to Dismiss

Defendants contend that Phillips' Computer Fraud and Abuse Act (CFAA) claim, which provides the sole basis for federal subject matter jurisdiction in this action as the parties are non-diverse, is barred by the statute of limitations. They move the Court to dismiss the CFAA claim as time-barred and to dismiss the remaining nine state law claims for lack of jurisdiction. In the alternative, they contend that the claims are subject to dismissal under Fed. R. Civ. P. 12(b)(6), 8(a) and 9(b). Dkt. # 8, p. 4.

   *a. Computer Fraud and Abuse Act, 18 U.S.C. 1030 et seq.*

Phillips asserts, against all Defendants, a claim for violations of the CFAA under subsections 1030(a)(2)(C); 1030(a)(4); 1030(a)(5)(B); and 1030(a)(5)(C). Dkt. # 1, ¶¶ 113-120. Although the CFAA is primarily a criminal statute, it includes a private right of action. 18 U.S.C. § 1030. The statute provides that "any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief." 18 U.S.C. § 1030(g).

   *b. The CFAA's Two-Year Limitations Period*

Actions alleging a violation of the CFAA must be brought within a two-year statute of limitations period. 18 U.S.C. 1030(g). Section 1030(g) requires that "[n]o action may be brought under this subsection unless such action is begun within 2 years of the date of the act complained of or the date of discovery of the damage." *Id.* Under the plain language of the statute, the limitations period will begin to run on either (1) the date of the alleged violation or (2) the date plaintiff discovered the damage. *See id.*; *Kluber Skahan & Assoc's, Inc. v. Cordogen, Clark & Assoc's, Inc.*, Case No. 08-cv-1529, 2009 WL 466812, at * 7 (N.D. Ill. Feb. 25, 2009). Defendants contend that Phillips failed to file his Complaint within the mandatory two-year period such that his CFAA claim is time-barred.

1    The CFAA distinguishes between loss and damage as separate injuries. The statute

2 defines "loss" as "any reasonable cost to any victim, including the cost of responding to an

3 offense, conducting a damage assessment, and restoring the data, program, system, or

4 information to its condition prior to the offense, and any revenue lost, cost incurred, or other

5 consequential damages incurred because of interruption of service[.]" 18 U.S.C. § 1030(e)(11).

6 "Damage," however, "means any impairment to the integrity or availability of data, a program, a

7 system, or information." 18 U.S.C. 1030(e)(8). Thus, while "loss" refers to monetary harms

8 sustained by the plaintiff, "damage" contemplates harm to data and information. *Kluber*, 2009

9 WL 466812, at * 7.

10    Defendants initially argued that because Phillips pled only "loss" under the CFAA, the

11 limitations period began on the date that Defendants accessed his computers, which occurred in

12 2008 and 2009. Phillips responded that he pled sufficient facts to demonstrate that his computers

13 were "damaged" by Defendants and that the limitations clock should run only from the date

14 when he discovered the "damage." He contends that he discovered the alleged damage, "as

15 construed by the CFAA," when he reviewed FBI files that were released to him in January 2013.

16 Dkt. # 15, p. 19. Phillips also requests that the statute be equitably tolled. *Id.* at p. 10. Defendants

17 now contend that regardless of whether Phillips sufficiently pled a CFAA damage claim,

18 Phillips' Complaint, prior sworn testimony, and prior pleadings show that Phillips discovered the

19 alleged damage more than two years before he filed the current Complaint. The Court agrees

20 with Defendants that the CFAA claim is time-barred and warrants dismissal.

21    Phillips' CFAA claim alleges in relevant part:

22    118.    Defendants, including Does 1-25, have violated the Computer
        Fraud and Abuse Act, 18 U.S.C. §1030(a)(5)(B), by intentionally
23    accessing one or more protected computers belonging to Phillips/A Dot
        without authorization, and as a result of such conduct, recklessly causing
24

ORDER ON MOTIONS TO DISMISS - 8

> damage to Phillips/A Dot, including but not limited to impairing the integrity of and availability of data and/or information belonging to Phillips/A Dot and its clients by hacking into Phillips/A Dot's computers and changing its passwords without Phillips/A Dot's permission.
>
> 119. Defendants, including Does 1-25, have violated the Computer Fraud and Abuse Act, 18 U.S.C. §1030(a)(5)(C), by intentionally accessing one or more protected computers belonging to Mr. Phillips and A Dot without authorization, and as a result of such conduct, recklessly causing damage and loss to Phillips/A Dot, including but not limited to impairing the integrity and availability of data and/or information belonging to Phillips/A Dot and its clients by hacking into Phillips/A Dot's computers and changing its passwords without Phillips/A Dot's permission, and by causing plaintiff to incur damage and loss in the form of costs associated with expending substantial time, money, and resources, to identify the scope of the damage to Phillips/A Dot and the extent of defendants' fraud and theft.

Dkt. # 1, ¶¶ 118-119. From the face of the Complaint, Phillips alleges that by hacking into his computers and changing passwords, Defendants caused damage to the integrity and availability of data. He also contends that he has "pled specific instances of damage in which data was stolen, manipulated, and erased." Dkt. # 15, p. 18. Although Phillips' allegations parrot the statutory definition of damage, the Complaint attempts to plead both damage and loss under the CFAA. The Court need not entertain whether the pleadings are sufficient to state a viable claim for damage, however, because the Complaint and judicially noticed documents make clear that the alleged "damage," which according to Phillips includes **stolen data** (*id.*),[1] was discovered before March 30, 2010.

---

[1] Phillips argues that under the CFAA, allegations that confidential information was collected and disseminated, but not necessarily physically altered or erased, are sufficient to state a claim for damage. *See* Dkt. # 15, p. 18 (citing *Shurgard Storage Centers, Inc. v. Safegard Self Storage, Inc.*, 119 F. Supp. 2d 1121, 1127 (W.D. Wash. 2000)). The Court also notes, without deciding, that there is an issue concerning Plaintiff's standing to bring claims on behalf of A Dot, or any other company. As the issue of standing does not affect the Court's finding that the statute of limitations has run on the CFAA claim, the Court declines to address the issue at this time.

1   In paragraph 57 of the Complaint, Phillips alleges that he "did not learn of Ms. [Jardin's]
2   unauthorized access to his personal accounts and computers and theft of his personal information
3   until January 2013, when he was released from custody . . . ." Dkt. # 1, ¶ 57. This is the only
4   allegation within the Complaint that identifies January 2013 as the time when Phillips first
5   learned that a Defendant accessed his computers. The allegation is contradicted by (1) other
6   allegations within the Complaint, (2) allegations within the A Dot complaint, and (3) sworn
7   testimony proffered by Phillips in other litigation.

8   First, the allegations contained within Phillips' Complaint directly contradict his
9   assertion that he first learned that Defendants accessed his personal computers when he reviewed
10  FBI files in January of 2013. For example, in paragraph 82, Phillips alleges that he was presented
11  with a draft complaint on December 18, 2008 of a lawsuit initiated against him and MOD by Mr.
12  Arnold and Mr. Smyth. The Complaint states "[t]he draft complaint was laden with information
13  stolen from A Dot's computers by Ms. [Jardin], which Mr. Smyth knew was stolen." Dkt. # 1, ¶
14  82. Thus, Phillips alleges that he knew in 2008 that information had been stolen from A Dot's
15  computers. Then, paragraph 94 alleges that "Mr. Smyth held numerous meetings in 2008 and
16  2009 with Ms. [Jardin], including meetings where Ms. [Jardin] was observed physically taking
17  Phillips/A Dot computers to meetings with Mr. Smyth. . . ." *Id.* at ¶ 94. Phillips therefore alleges
18  that he observed Jardin taking both his and A Dot's computers into meetings with Mr. Smyth.
19  Moreover, paragraph 97 alleges as follows:

20      97.    Mr. Smyth has continued to use data stolen from Phillips/ A Dot's
        computers as leverage in negotiations with Phillips, MOD and their
21      representatives, attempting to coerce a settlement of Mr. Arnold's claims.
        For example, during a meeting with Mr. Phillips in March 2009, a meeting
22      demanded by Ms. Cane, Mr. Bay, and MOD's then attorneys at Lane
        Powell, to attempt to settle Mr. Arnold's claims against Mr. Phillips, they
23      pulled documents from a folder that are believed to be Mr. Phillips'
        private bank documents (stolen directly from Mr. Phillips's and/or A
24

ORDER ON MOTIONS TO DISMISS - 10

   Dot's computers by Ms. [Jardin] and provided by Mr. Smyth to Ms. Cane and Mr. Bay), and "confronted" Mr. Phillips with the allegation that he had engaged in financial wrongdoing related to A Dot. Mr. Phillips' attorneys at the time, Anthony Gewald and Ronald Braley of Lasher Holzapfel Sperry & Ebberson witnessed Ms. Cane, Mr. Bay and the Lane Powell attorney's presentation of materials stolen from Mr. Phillips' and/or A Dot's computers, which documents were described as originating from Mr. Smyth and Ms. [Jardin], at the meeting.

Dkt. # 1, ¶ 97. These allegations show that Phillips and his lawyers were "confronted" with stolen documents, taken from "Phillips and/or A Dot's computers," that "were described as originating from Mr. Smyth and Ms. [Jardin][]" in March of 2009. *Id.* In all, a fair reading of the Complaint demonstrates that Phillips observed numerous times in 2008 and 2009 that his computers were accessed and that his data was taken by Jardin and used by Smyth.

   Second, the A Dot complaint filed in this Court on March 30, 2010, which was voluntarily dismissed, asserted a claim for violation of the CFAA with respect to A Dot's computers. The allegations supporting that claim are largely identical to the allegations of this Complaint. As but one example, paragraph 97 in this Complaint is substantively identical to paragraph 68 from the A Dot complaint. The only differences between them are that the new Complaint inserts "Mr. Phillips and/or" before A Dot, and it adds "and Ms. [Jardin]" after "Mr. Smyth" in the last line. Thus, it appears that Plaintiff was indeed aware that Jardin and Smyth stole data and confronted him with it at a March 2009 meeting, and that he knew that he had an actionable CFAA claim by at least March 30, 2010, when the A Dot complaint was filed. This is consistent with Phillips' own admission that "[r]egarding [my] discovery of the damage, it is true [I have] made these allegations previously as [I] was confronted with the stolen personal data in [my] criminal trial and prior litigation and by defendants themselves." Dkt. # 15, p. 18. Thus, Phillips concedes that he knew that Defendants stole data from his and A Dot's computers and that he in fact filed suit based on that knowledge in 2010.

ORDER ON MOTIONS TO DISMISS - 11

1      Third, Phillips filed sworn declarations in other civil litigation that also contradicts the

2 assertion that he did not know, before January 2013, that Jardin accessed his personal computers.

3 There Phillips stated:

> 1.   In and about September of 2008, [Jardin] refused to return my A Dot Blackberry, an A Dot laptop, and my personal desktop computer.
> . . .
> 4.   In and about December of 2008, I noticed that my gmail account was being accessed. . . . I immediately contacted [Jardin] and demanded my computers be returned.
> . . .
> 6.   On and around December 16, 2008, Smyth delivered a draft complaint laden with stolen [Jardin]-fabricated information against me . . .

9 Dkt. # 9-2. Together, Phillips' current allegations, the A Dot complaint, his admission, and his

10 prior sworn testimony demonstrate that he knew that Defendants breached his computers and

11 caused damage at least before March 30, 2010. The Court finds that even when construing the

12 allegations of the Complaint as a viable CFAA claim for "damage," the CFAA claim is

13 irreparably time-barred.

14      Phillips also requests that the statute be equitably tolled due to Defendants' "active (and

15 ongoing) concealment." Dkt. # 15, p. 10. The doctrine of equitable tolling requires litigants to

16 satisfy two elements: (1) that they have been diligently pursuing their rights and (2) that an

17 extraordinary circumstance stood in the way of litigating the claims. *See Credit Suisse Sec.*

18 *(USA) LLC v. Simmonds*, _ U.S. _, 132 S. Ct. 1414, 1419 (2012). Further, to invoke equitable

19 tolling due to concealment, a plaintiff must "plead facts showing that [the defendant]

20 affirmatively mislead it, and that [the plaintiff] had **neither actual or constructive knowledge**

21 of the facts giving rise to its claim . . . ." *Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055,

22 1060 (9th Cir. 2012) (emphasis original). Stated differently, the plaintiff must be "ignorant of the

23 existence of his cause of action." *Id.* As discussed above, Phillips cannot show that he was

24

ignorant of the cause of action or that he has diligently pursued his rights. Accordingly, the CFAA claim shall be dismissed with prejudice against Defendants de Haan and Smyth.

4. Remaining Claims

Although Phillips asserts nine other causes of action against Defendants, federal jurisdiction was predicated on the now dismissed CFAA claim. The Court may, in its discretion, decline to exercise supplemental jurisdiction over state law claims once the basis for federal jurisdiction has been extinguished. 28 U.S.C. § 1367(c)(3); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). Here, however, Defendants Jardin and Lundvall have not been served process within the 120 day service window prescribed by Fed. R. Civ. P. 4(m). Rule 4(m) provides that "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* Because the Court had not previously given Phillips notice that the time for service has expired, Plaintiff shall address the failure to effect service before the Court considers whether to exercise supplemental jurisdiction over the remaining state law claims against Defendants de Haan and Smyth. In addition, a question remains as to whether Jardin and Lundvall are residents of a foreign country, for which the time restraints imposed by Rule 4(m) do not apply. *See* Dkt. ## 19, 20, 24, 16. Plaintiff is ORDERED TO SHOW CAUSE within thirty (30) days why the claims against Defendants Jardin and Lundvall should not be dismissed for failure to comply with Rule 4(m).

## IV. CONCLUSION

The Court, having considered Defendants' motions, the response and reply thereto, the attached declarations and exhibits, and the remainder of the record, hereby finds and ORDERS:

(1) Defendants de Haan and Smyth's Motion to Dismiss (Dkt. # 8) is GRANTED IN PART. The CFAA claim, against de Haan and Smyth, is dismissed with prejudice. The Court DEFERS consideration of the remaining state law claims as discussed above.

(2) Defendant Executor of the Estate of Robert Arnold's Motion to Dismiss (Dkt. # 13) is GRANTED. The CFAA claim against the Estate of Robert Arnold is dismissed with prejudice. The remaining state law claims are dismissed without prejudice.

(3) Plaintiff is ORDERED TO SHOW CAUSE within thirty (30) days from the date of this Order why the claims against Defendants Jardin and Lundvall should not be dismissed for failure to effect service.

(4) The Clerk of the Court is directed to forward a copy of this Order to all counsel of record.

DATED this 16th day of August 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE