1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARK E. PHILLIPS,

          Plaintiff,

          v.

THE EXECUTOR OF THE ESTATE OF
ROBERT MORRIS ARNOLD, JANE DOE
ARNOLD, wife of the late Robert M. Arnold
and their marital community composed
thereof;
JULIA DE HAAN,
JEFFREY ALAN SMYTH,
JUANITA MARY JARDINE,;
CHRISTOPHER ERIC LUNDVALL, and
DOES 1-25,

          Defendants.

Case Number: 2:13-CV-444 (RSM)

ORDER

      This matter comes before the Court on Defendant Julia de Haan's Motion for Leave to Renote (Dkt. # 28); Plaintiff's Response to the Order to Show Cause (Dkt. # 33); and Defendant Juanita Jardine's Motion to Withdraw as Attorney (Dkt. # 38). The pending motions are addressed in turn.

1.  **Defendant Julia de Haan's Motion to Renote**

ORDER— 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendant de Haan moves the Court to "renote" a Motion to Dismiss that was ruled on by the Court on August 16, 2013 (Dkt. # 27). In its May 16, 2013 Order, the Court deferred consideration of Plaintiff's nine state-law claims for the purpose of allowing Plaintiff to show whether service had been effectuated on Defendants Eric Lundvall and Juanita Jardine. *See* Dkt. # 27. Ms. de Haan now moves the Court to renote the deferred portion of the first motion to dismiss. She requests that the Court dismiss Plaintiff's state-law claims for the same reasons set forth in a separate, although related, action. In the related action, *Phillips v. Cane*, Case No. C13-596-RSM (W.D. Wash.) ("Cane Action"), the Court dismissed Mr. Phillips' claims against Defendant Cane as time-barred. There, the Court determined that the Complaint and the documents attached therewith established that Mr. Phillips claims were barred by the applicable statutes of limitations. *See* Cane Action, Dkt. # 22. Importantly, no statute-of-limitations argument was raised by Defendants in this action with respect to Plaintiff's state-law claims.

Citing LCR 7(1), Fed. R. Civ. P. 1, and LCR 1, Ms. de Haan argues that she should be permitted to modify her first motion to dismiss to include the statute-of-limitations arguments presented in the Cane Action. *See* Dkt. # 28. She states that "[j]ustice, speed, and expense," justify this request. *Id.* at p. 2.

LCR 7(1) allows the Court to renote a pending motion to "ensure compliance with applicable court rules or for other reasons." But here, Ms. de Haan does not merely seek to renote her prior motion. Rather, she asks the Court for permission to raise entirely new Fed. R. Civ. P. 12(b)(6) arguments through the conduit of the deferred motion. Given that she seeks to attack the sufficiency of the complaint by raising new grounds for dismissal, her request should have been brought as a successive Rule 12(b)(6) motion to dismiss and argued under the

_____

standard applied to successive Rule 12(b)(6) motions. The Court therefore finds the motion to

renote procedurally improper. Accordingly,  the motion shall be deined.

2. **Plaintiff's Response to the Show Cause Order**

The Court's August 16, 2013 Order also directed Plaintiff to show cause why the claims

against Defendants Lundvall and Jardine should not be dismissed without prejudice for failure to

effect service within the 120 day service window prescribed by Fed. R. Civ. P. 4(m). Dkt. # 27,

p. 13. Plaintiff timely filed a response to the order to show cause wherein he stated that both

Defendants have now been served with process. Dkt. # 33, p. 2. In addition, although he

concedes that service was incomplete prior to expiration of the 120 day window for service, he

contends that good cause exists to extend the 120 day deadline. *Id.* To demonstrate good cause,

Plaintiff filed several exhibits that detail his extensive attempts to locate an appropriate

residential address to effect service on Ms. Jardine and Mr. Lundvall. The Court is satisfied that

Plaintiff diligently sought to serve both Defendants and finds that Plaintiff has demonstrated

good cause to extend the window for service. *See, e.g.*, Dkt. ## 33-1 – 33-9.

3. **Defendant Jardine's Motion to Withdraw**

On September 27, 2013, attorney Andrew Benjamin entered a notice of appearance on

behalf of Defendant Juanita Mary Jardine. Dkt. # 35. On November 15, 2013, Mr. Benjamin

moved to withdraw as attorney of record. Dkt. # 38. Counsel's stated ground for withdrawal was

that Defendant Jardine filed a Chapter 7 bankruptcy on October 2, 2013, in the United States

Bankruptcy Court, District of Arizona, Case No. 2:13-bk-17237-SSC, which names the Plaintiff

as a creditor. *Id.* at p. 2.

Local Civil Rule 89 states as follows:

If a party files for bankruptcy during the pendency of any action before this court, that party shall notify the court within three days by filing a Notice of Bankruptcy Filing. The Notice must identify the filing party, the date of the filing, the court where the filing occurred, and set forth the party's position regarding whether the action is subject to the automatic stay of 11 U.S.C. 362. . . . The court may impose sanctions on one or more parties that fail to file the required Notice.

Here, Mr. Benjamin attached a "Notice of Bankruptcy Case Filing" as Exhibit A to the motion to withdraw. The "Notice" was filed forty-four days after Defendant Jardine filed for bankruptcy, which violates LCR 89's requirement that the party must notify the court of the action within three days of filing for bankruptcy. The Notice also violates LCR 89 in that it does not state Ms. Jardine's position as to whether this action is subject to an automatic stay.

Because Defendant Jardine's Notice failed to comply with LCR 89, the Court defers ruling on counsel's motion to withdraw. Counsel is directed to file a Notice of Bankruptcy Filing within ten (10) days that addresses whether this action is subject to an automatic stay.

Having considered the motions, the responses and replies thereto, the attached declarations and exhibits, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendant de Haan's Motion to Renote (Dkt. # 28) shall be DENIED;

(2) Plaintiff has demonstrated good cause for extending the time for service with respect to Defendants Lundvall and Jardine;

(3) Defendant Jardine's Motion to Withdraw (Dkt. # 38) shall be DEFERRED;

(4) Defendant Jardine is directed to file a Notice of Bankruptcy Filing that complies with LCR 89 within ten (10) days of this ORDER.

Dated this 17 day of December 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE