1

2

3

4

5

6

7

8

The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

9

10

MARK E. PHILLIPS,

11                              Plaintiff,

12            v.

13   THE EXECUTOR OF THE ESTATE OF
     ROBERT MORRIS ARNOLD, JANE DOE
14   ARNOLD, wife of the late Robert M. Arnold
     and their marital community composed
15   thereof; JULIA DE HAAN, JEFFREY ALAN
     SMYTH, JUANITA MARY JARDINE, aka
16   JAN MARY WALLACE, aka SARAH
     BLAIR, aka JOAN REARDON, aka
17   JARDINE MARY WALLACE, AND aka
     ROB L. SCRUGGS; CHRISTOPHER ERIC
18   LUNDVALL, and DOES 1-25,

19

20                              Defendants.

Case No. 2:13-cv-00444-RSM

DEFENDANTS DE HAAN'S AND
SMYTH'S MOTION FOR SUMMARY
JUDGMENT OF DISMISSAL OF
CLAIMS FOR TORTIOUS
INTERFERENCE WITH CONTRACT
(MOD); TORTIOUS INTERFERENCE
WITH CONTRACT (BANANA); FRAUD;
CONSPIRACY; TRESPASS TO
CHATTELS; AND CONVERSION

[FRCP 56; LCR 56]

NOTE ON MOTION CALENDAR:
FRIDAY, JUNE 13, 2014

21

22

23

24

25

26

27

28

MOTION FOR SUMMARY JUDGMENT - 1
Case No. 2:13-cv-004444-RSM
C:\Users\Linda\Documents\JAS Active\Phillips v. Estate of Arnold, et al\Pleadings\MSJ.doc

LAW OFFICES
SMYTH & MASON, PLLC
7100 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 621-7100

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .................................................................... 5

II.   STATEMENT OF FACTS ..................................................... 5

    A.    Procedural History ..................................................... 5

    B.    Pending State Law Claims of Phillips Against de Haan and Smyth ......... 9

    C.    Undisputed Proof that Phillips Knew of Facts Underlying
        Pending Claims Prior to March 12, 2010 ........................ 11

III.  LEGAL ARGUMENT ........................................................... 16

    A.    Summary Judgment Standard ..................................... 16

    B.    Request for Judicial Notice ........................................ 16

    C.    Each of the State Law Claims Is Time-Barred ............... 19

        1.    Fraud ............................................................ 19

        2.    Tortious Interference ..................................... 20

        3.    Conspiracy ................................................... 21

        4.    Trespass to Chattels and Conversion ............. 21

    D.    Mr. Phillips Has Failed to State a Valid Cause of Action for Conspiracy ... 22

    E.    Mr. Phillips Cannot Prove Improper Purpose or Means for a Tortious
        Interference Claim as a Matter of Law ........................ 23

IV.   CONCLUSION .................................................................... 24

MOTION FOR SUMMARY JUDGMENT - 2
Case No. 2:13-cv-004444-RSM
C:\Users\Linda\Documents\JAS Active\Phillips v. Estate of Arnold, et al\Pleadings\MSJ.doc

LAW OFFICES
**SMYTH & MASON, PLLC**
7100 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 621-7100

# TABLE OF AUTHORITIES

## Federal Cases

Page

Allstate Ins. Co. v. Tacoma Therapy, Inc., 2014 WL 1494100, at *3
(W.D. Wash. April 16, 2014)................................................................... 23

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 255, 106 S. Ct. 2505,
91 L. Ed. 2d 202 (1986) ......................................................................... 16

Celotex Corp. v. Catrett, 477 U. S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)....... 16

City of Pomona v. SQM North Am. Corp., __ F.3d __, 2014 WL 1724505
(9th Cir. May 2, 2014) ............................................................................ 16

Clicks Billiards Inc. v. Sixshooters Inc., 251 F.3d 1252, 1257 (9th Cir. 2001)...................... 16

Critchlow v. Critchlow, 2013 WL 670448  (N.D. Cal. Feb. 25, 2013) ................................. 17

Harris v. County of Orange, 682 F.3d 1126, 1131 (9th Cir. 2012)......................................... 17

In re Gilead Sciences Sec. Litig., 2005 WL 181885, *4 (N.D. Cal. Jan. 26, 2005) .............. 17

Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001) ............................................ 17

Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp., 475 U.S. 574, 587,
106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) ................................................ 16

Northwest Laborers-Employers Health & Sec. Trust Fund v. Philip Morris, Inc.,
58 F. Supp. 2d 1211, 1216 (W.D. Wash. 1999)....................................... 21

Nucal Foods Inc. v. Quality Egg LLC, 887 F. Supp. 2d 977, 984-85 (E.D. Cal. 2012)......... 17

Phillips v. Cane, et al., Case No. 2:13-cv-00596-JCC ...................................................... 18

Phillips v. Cane, et al., Case No. 2:13-cv-00596-RSM ........................................... 8, 9, 14, 18

Spencer v. Peters, 2012 WL 4514417 (W.D. Wash. Oct. 2, 2012) ....................................... 21

U.S., ex. rel Robinson Rancheria Citizens Council v. Borneo, Inc.,
971 F.2d 244, 248 (9th Cir. 1992)........................................................... 17

United States v. Mark E. Phillips, 704 F.3d 754 (9th Cir. 2012), cert denied,
133 S. Ct. 2796, (2013)..................................................................... 5, 6, 19

LAW OFFICES
SMYTH & MASON, PLLC
7100 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 621-7100

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**State Cases**

All Star Gas v. Bechard, 100 Wn. App. 732, 740, 998 P.2d 367 (2000) ................................. 22

Allen v. State, 118 Wn.2d 753, 758, 826 P.2d 200 (1992) ..................................................... 21

Arnold, o/b/o Banana Corp. v. Phillips, et al., King County
Cause No. 10-2-10227-2 SEA ............................................................................... 7, 17, 18

Arnold, o/b/o MOD Systems, Inc. & Banana Corp. v. Mark Phillips, et al.,
King County Cause No. 09-2-07963-3 SEA ............................................................ 5, 6, 18, 19

City of Seattle v. Blume, 134 Wn.2d 243, 251, 947 P.2d 223 (1997) ..................................... 20

Crisman v. Crisman, 85 Wn. App. 15, 19, 931 P.2d 163 (1997) ............................................ 22

Crownover v. State, ex rel. Dept. of Transp., 165 Wn. App. 131, 141, 265 P.3d 971, 977
(2011) ................................................................................................................ 19

Hudson v. Condon, 101 Wn. App. 866, 875, 6 P.3d 615, 620 (2000) ..................................... 19

Leingang v. Pierce County Med. Bur., Inc., 131 Wn.2d 133, 157,
930 P.2d 288 (1997) .......................................................................................... 23, 24

Lewis Pac. Dairymen's Ass'n v. Turner, 50 Wn.2d 762, 772, 314 P.2d 625 (1957) ............. 23

**Statutes**

RCW 4.16.080(2) ............................................................................................... 20, 22

RCW 4.16.080(4) .................................................................................................... 19

**Rules**

Fed. R. Civ. P. 56 ..................................................................................................... 5

Fed. R. Civ. P. 56(a) ............................................................................................... 16

Fed.R.Evid. 201(b) ............................................................................................. 16, 17

MOTION FOR SUMMARY JUDGMENT - 4
Case No. 2:13-cv-004444-RSM
C:\Users\Linda\Documents\JAS Active\Phillips v. Estate of Arnold, et al\Pleadings\MSJ.doc

LAW OFFICES
SMYTH & MASON, PLLC
7100 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 621-7100

# I.  <u>INTRODUCTION</u>

Plaintiff Mark Phillips commenced this action on March 12, 2013.  By its Order dated August 16, 2013 (Dkt. #27 at 14), this Court dismissed the Computer Fraud and Abuse Act (CFAA) claims against defendants de Haan and Smyth on statute of limitations grounds.  Mark Phillips' remaining claims against defendants Smyth and de Haan are for tortious interference with contract (MOD Systems Incorporated), tortious interference with contract (Banana Corporation), fraud, conspiracy, trespass to chattels, and conversion.  De Haan and Smyth now move pursuant to FRCP 56 for dismissal of all of these remaining claims, on statute of limitation and other grounds.

# II.  <u>STATEMENT OF FACTS</u>

A.    <u>Procedural History</u>

In March 2011, Mr. Phillips was convicted in this Court of four felony counts of fraud and money laundering and was sentenced to federal prison.  The conviction was in largest part upheld on appeal.  <u>United States v. Mark E. Phillips</u>, 704 F.3d 754 (9th Cir. 2012), *cert denied*, 133 S.Ct. 2796, (2013).  His conviction arose from malfeasance during his stewardship of MOD Systems Incorporated ("MOD"), a company he controlled as majority shareholder and director.  During the course of the criminal trial, Mr. Phillips assigned blame to many others.  His testimony at trial was found not credible.  *Id*. at 761-62.

Mark Phillips founded MOD in 2005.  *Id*. at 757.  In 2006, he approached Robert M. Arnold, a well-known and respected Seattle angel investor and philanthropist (*e.g.*, Arnold Pavilion, Fred Hutchinson Cancer Treatment Center), and solicited a $3.5 million investment in MOD and another $5.0 million (by 2008) in Phillips' company Banana Corporation ("Banana").  Mr. Arnold signed subscription agreements with MOD and Banana (*not* with Mark Phillips) to make investments, which he then made.  *See* Verified Complaint for Breach of Fiduciary Duty, Oppression of a Minority Shareholder, Fraud, Negligent Misrepresentation, Conversion,

MOTION FOR SUMMARY JUDGMENT - 5
Case No. 2:13-cv-004444-RSM
C:\Users\Linda\Documents\JAS Active\Phillips v. Estate of Arnold, et al\Pleadings\MSJ.doc

LAW OFFICES
SMYTH & MASON, PLLC
7100 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 621-7100

Accounting, Violation of Washington Securities Act, Corporate Waste, Civil Conspiracy, Declaratory Relief, Appointment of Custodian, Unjust Enrichment, Violation of Corporate Opportunities Doctrine, and Embezzlement, filed on February 18, 2009, in <u>Robert M. Arnold, o/b/o MOD Systems, Inc. & Banana Corp. v. Mark Phillips, et al.</u>, King County Cause No. 09-2-07963-3 SEA.  Ex. A, <u>Second Decl. of Shaunta Knibb Re Request for Judicial Notice</u> ¶ 2.a, at 2, 6-7,13, 16-17 (dated May 22, 2014).

In the spring and summer of 2008, Mr. Arnold's financial advisor Cole Younger became alarmed about Arnold's large investments in MOD and Banana.  Ex. A, <u>Second Knibb Decl.</u> ¶ 2.a, at 13, 17.  Mr. Arnold learned that his shareholder interest in MOD would soon be substantially diluted by the issuance of preferred shares to Toshiba, NCR, and DeLuxe Corporations.  He sought detailed information from Phillips regarding the financial condition of MOD, which information was largely not provided.  <u>Id.</u> ¶ 2.a, at 13-14, 17. The limited information which was provided created deep concerns about malfeasance.  After extensive investigation, in December 2008, Mr. Arnold served both MOD and Banana with a draft derivative complaint.  Ex. G, <u>Second Knibb Decl.</u> ¶ 2.g, at 3, 202.  Mr. Arnold was represented by Jeff Smyth.

MOD's board of directors duly appointed a demand review committee ("DRC") to independently investigate Mr. Arnold's allegations.  The DRC issued formal findings, most of which corroborated Mr. Arnold's claims as they appeared in his derivative complaint.  It found that Mr. Phillips had misappropriated from and owed to MOD $1,295,864.  Ex. B, <u>Second Knibb Decl.</u> ¶ 2.b, at 2, 56, 73-74, 78.  As a result of those findings, Mr. Phillips resigned his positions as an officer and director of MOD, and placed his shares in an irrevocable voting trust.  <u>United States v. Mark E. Phillips</u>, 704 F.3d at 760; Ex. B, <u>Second Knibb Decl.</u> ¶ 2.b, at 33-34, 37, 56.

On September 24, 2009, Phillips filed a Motion to Terminate the Voting Trust in the Arnold litigation, which motion was denied. <u>See</u> Ex. G, <u>Second Knibb Decl.</u> ¶ 2.g, at 3, 194-212.

MOTION FOR SUMMARY JUDGMENT - 6
Case No. 2:13-cv-004444-RSM
C:\Users\Linda\Documents\JAS Active\Phillips v. Estate of Arnold, et al\Pleadings\MSJ.doc

LAW OFFICES
SMYTH & MASON, PLLC
7100 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 621-7100

Both the pleadings and declarations filed by Mr. Phillips in conjunction with that motion confirm that his knowledge of the claims asserted here against Smyth and de Haan predated March 2010 as described in detail below.

In an arbitration initiated by MOD asserting its claims against Phillips for malfeasance, an award was entered against Phillips on June 23, 2010, by the Hon. George A. Finkle, Ret. as arbitrator.  Ex. B, Second Knibb Decl. ¶ 2.b, at 2, 43, 50, 80-81.  Judge Finkle ruled that Mr. Phillips had an obligation under a Transition Agreement which he had entered into with MOD, to reimburse MOD $1,295,864 for, among other things, misappropriating funds and misusing employees, assets and resources in bad faith and contrary to the interests of MOD and its shareholders.  Phillips was ordered to disgorge his entire shareholdings in MOD and further ordered to reimburse MOD for $464,342.26 in attorney's fees and costs.  *Id.*

On September 26, 2013, after a trial commencing in February 2013 (delayed by the death of Mr. Robert Arnold) the King County Superior Court (Hon. John Erlick presiding) in Robert M. Arnold o/b/o Banana Corporation v. Phillips, et al., King County Cause No. 10-2-10227-2 SEA (the "Banana Litigation"), entered Findings of Fact and Conclusions of Law ("Findings"), and a Judgment ("Judgment") in favor of the Estate of Robert M. Arnold (as assignee of Banana) against Mr. Mark Phillips and his wholly-owned company A Dot Corporation ("A-Dot"), in the aggregate sum of approximately $7.1 Million.  Exs. C & D, Second Knibb Decl. ¶¶ 2.c & 2.d, at 2, 151-169. The Judgment is based upon Mr. Phillips' breaches of fiduciary duty, corporate waste and looting, embezzlement, conversion, and unjust enrichment with regard to Banana.  Ex. C, Second Knibb Decl. ¶ 2.c, at 2, 151-165.  The Arnold Estate was represented by Jeff Smyth.  Ms. de Haan is a personal representative for the Arnold Estate.

The Findings describe in detail misconduct committed by Mr. Phillips personally against Banana in the form of multiple unauthorized, improper transactions benefiting Mr. Phillips in 2006

MOTION FOR SUMMARY JUDGMENT - 7
Case No. 2:13-cv-004444-RSM
C:\Users\Linda\Documents\JAS Active\Phillips v. Estate of Arnold, et al\Pleadings\MSJ.doc

LAW OFFICES
SMYTH & MASON, PLLC
7100 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 621-7100

and 2007, including a $1 million consulting fee paid he paid himself through A-Dot in December, 2006; $1,160,000 in consulting fees paid to himself through December 2006; a $150,000 wire to Phillips' controlled entities in October 2006; a $500,000 wire to Phillips in February 2007; a $25,000 wire to himself in June 2007; $705,000 in two income tax payments for his personal taxes in 2007; and two payments to Phillips' close friend Douglas Lower in the amount of $450,000 in 2006 and $200,000 in February 2007.  Ex. C, <u>Second Knibb Decl.</u> at 155-157, 162-163.

In the spring of 2009, Mr. Phillips, acting for Banana, had engaged the international accounting firm KPMG LLP to independently investigate Mr. Arnold's claims against Mr. Phillips as they related to Banana.  *Id.* at 153 (Findings ¶ 6).  In a lengthy report dated June 26, 2009, and utilized at trial, KPMG found a wide variety of financial and corporate governance misconduct by Mr. Phillips.  *Id.* at 153 (Findings ¶¶ 6-7).  Mr. Arnold had settled his derivative suit against Banana by taking an assignment of Banana's claims against Phillips for waste, looting, conversion, fiduciary breach, and unjust enrichment.  *Id.* at 152-153 (Findings ¶ 5).  As described above, Mr. Phillips was found personally liable to Banana for millions of dollars.  Exs. C & D, <u>Second Knibb Decl.</u> at 150-170.  Mr. Phillips advanced in defense of the Banana lawsuit many of the same arguments he asserts here.  Namely, that Mr. Arnold through his agents and attorneys violated his subscription contracts, that they interfered with contractual expectancies, and that they conspired with others to do him wrong.  None of this was found to be credible.  *See* Ex. C, <u>Second Knibb Decl.</u> at 157-159 (Findings ¶¶ 22, 24, 28).

In 2013, Mr. Phillips filed two lawsuits with this Court: the instant case and the *pro se* lawsuit, <u>Phillips v. Cane, et al.</u>, Case No. 2:13-cv-00596-RSM.  Examination of the two Complaints shows extensive overlap, including the following illustrative duplicative allegations.  The instant Complaint paragraph is listed first and the "Cane Complaint" paragraph is listed second: 16/8; 17/9; 18/10; 19/11; 20/12; 21/13; 22/14; 23/15; 24/16; 25/17; 39/19; 40/20; 41/21;

MOTION FOR SUMMARY JUDGMENT - 8
Case No. 2:13-cv-004444-RSM
C:\Users\Linda\Documents\JAS Active\Phillips v. Estate of Arnold, et al\Pleadings\MSJ.doc

LAW OFFICES
SMYTH & MASON, PLLC
7100 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 621-7100

42/22; 43/23 (except replacing "Smyth" with "Cane"); 48/26; 49/27; 50/28; 57/29; 58/30; 59/31; 60/32; 61/34; 62/35 (except replacing "Smyth" with "Cane"); 65/36; 66/37; 67/38; 68/39; 69/40; 70/41; 72/43; 73/44; 74/45; 86/46; 87/47; 88/48; 89/51; 90/55; 91/61 and 63; 105/64; 106/65; 107/66; 108/67; 110/68; 111/69; 112/70; 130/77; 156/85; 162/91; 164/93 and 94; 175/97; 176/98; and 177/99.  The Cane Complaint (without exhibits) is attached as Exhibit G to the <u>Declaration of Shaunta M. Knibb Re Request for Judicial Notice</u> (filed 4/25/2013), beginning at page 110.

By order dated August 9, 2013 in <u>Phillips v. Cane</u>, this Court dismissed with prejudice the claims against defendant Kyleen Cane for breach of fiduciary duty, fraud, and conspiracy on statute of limitations grounds.  Ex. E, <u>Second Knibb Decl</u>. ¶ 2.e, at 172-174, 177-180, 182.  In doing so, this Court took judicial notice of a letter dated March 4, 2010, from Phillips' attorney (the "Dhillon Letter") (attached as Exhibit "D" to the Cane Complaint (2:13-cv-00596-RSM Dkt #1-4)).  *See* Ex. I, <u>Second Knibb Decl</u>. ¶ 3, at 3, 223-236.   This Court found that the letter established that Phillips' claims for fraud, breach of fiduciary duty, and conspiracy accrued no later than March 4, 2010, and dismissed those claims.  The Dhillon Letter also mandates dismissal of Smyth and de Haan on statute of limitations grounds.

B.      <u>Pending State Law Claims of Phillips Against de Haan and Smyth</u>

Mr. Phillips' fraud claim is premised on alleged but unidentified false representations by Mr. Smyth and Ms. de Haan that Mr. Arnold would honor his contractual relations with Mr. Phillips, based on the MOD subscription agreement, to which Phillips is not a party.  The other unsubstantiated allegation is that Mr. Arnold, in concert with Ms. de Haan, Mr. Smyth, and others, "planned to remove Mr. Phillips from MOD and to take as much of his contractual and property rights as possible."  Compl. ¶¶ 160-162.  In fact, Mr. Phillips removed himself in the Transition Agreement following the issuance of the MOD DRC report.

Mr. Phillips' tortious interference claim is based on alleged theft of plaintiff's information

MOTION FOR SUMMARY JUDGMENT - 9
Case No. 2:13-cv-004444-RSM
C:\Users\Linda\Documents\JAS Active\Phillips v. Estate of Arnold, et al\Pleadings\MSJ.doc

LAW OFFICES
SMYTH & MASON, PLLC
7100 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 621-7100

from an A-Dot computer, an alleged conspiracy to use that information against him, the alleged filing of "baseless" claims in the MOD/Banana derivative lawsuit filed by Mr. Arnold, the institution of the MOD Demand Review Committee, an attempt to force Mr. Phillips to relinquish his interests and shares in MOD, and a desire to step into or assume the contractual rights and benefits of plaintiff.   Mr. Phillips contends those actions interfered with the already fully performed subscription agreement between Robert Arnold and MOD, an employment Agreement between Phillips and MOD, a fully performed subscription agreement between Banana and Mr. Phillips, and a shareholders agreement between MOD, Phillips, and others.  Compl. ¶¶ 134-146.

The tortious interference claim involving Banana-related contracts likewise contends the alleged theft of plaintiff's information from an A-Dot computer, an alleged conspiracy to use that information; the alleged filing of "baseless" claims, and that a desire to step into or assume the contractual rights and benefits of plaintiff interfered with a subscription agreement between Robert Arnold and Banana Corporation, a Non-Exclusive License Agreement between Mr. Phillips and Banana Corporation and a string of further contracts identical to those alleged in the other tortious interference action. *Compare* Compl. ¶¶ 147-157 *with* Compl. ¶¶ 139, 151.

Mr. Phillips' conspiracy claim alleges that Mr. Smyth and Ms. de Haan, professional advisors to Mr. Arnold, conspired with all the other defendants to "wrongfully possess or steal as much of plaintiff's property as possible" and "to remove Mr. Phillips from any management or ownership role in MOD and Banana in order to enrich themselves at Mr. Phillip's expense." Compl. ¶¶ 173-175.  Mr. Phillips' trespass to chattels claim alleges Mr. Smyth and Ms. de Haan "trespassed" A-Dot's computer system and interfered with Mr. Phillips' right to enjoy and operate that computer system.  Compl. ¶¶ 178-182.  Mr. Phillips' claim of conversion alleges that Mr. Smyth and Ms. de Haan along with all other defendants willfully took possession of A-Dot's computers.  Compl. ¶¶ 183-185.

MOTION FOR SUMMARY JUDGMENT - 10
Case No. 2:13-cv-004444-RSM
C:\Users\Linda\Documents\JAS Active\Phillips v. Estate of Arnold, et al\Pleadings\MSJ.doc

LAW OFFICES
SMYTH & MASON, PLLC
7100 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 621-7100

C.      Undisputed Proof that Phillips Knew of Facts Underlying Pending Claims Prior to March 12, 2010

A variety of documents show that Mr. Phillips was aware of the facts upon which all of his claims in this lawsuit are based long before March 12, 2010, the date three years before filing this lawsuit.  In a Declaration of Mark Phillips dated September 24, 2009, filed in King County Superior Court as part of Mr. Phillips' unsuccessful Motion to Terminate the Voting Trust in the MOD Derivative lawsuit, Mr. Phillips made statements confirming his longstanding knowledge of the facts supporting his claims.  *See* Ex. F, Second Knibb Decl. ¶ 2.f, at 3, 184-192.  Phillips states in Paragraph 11 of his declaration as follows:

> In October 2008, Jan Wallace told me that she had heard that Mr. Arnold was investigating me and might be filing a lawsuit against me and that Jeff Smyth had contacted her.  She said she was communicating with Smyth through her lawyer and that she was "protecting my interest."  **I later heard that Ms. Wallace sought out Mr. Arnold, instigated the claim and provided him with material that she took from my computer.** I do not know exactly what she took, what she gave to Mr. Arnold or his lawyer or what the Demand Review Committee looked at but **some of the allegations in the Complaint could only have come from Jan.  For example, Complaint at paragraph F, 64-67, references a "Meteor Consulting" account in the Netherlands. This information could only have come from Jan or material she provided**.

*Id.* at 187-188 (emphasis added).  Mr. Phillips also stated:

> **As I said, it was actually Jan who first told me that Arnold might be suing and then I started receiving e-mails that Jeff Smyth was investigating me so it is not disputable that she went to Arnold before that time . . . .**
>
> * * * *
>
> **I know now that Mr. Arnold's lawsuit was the result of material given to him and statements made to him by Jan Wallace. The allegations are false. Since the lawsuit was filed, Mr. Arnold, through his attorney, has constantly demanded payments from me personally including stock, real estate, a car and watches. He is not representing the interest of the company or the other shareholders.**

*Id.* at 188, 192 (paragraphs 12 & 24) (emphasis added).

Phillips filed his Motion to Terminate the Voting Trust on September 24, 2009.  Ex. G,

MOTION FOR SUMMARY JUDGMENT - 11
Case No. 2:13-cv-004444-RSM
C:\Users\Linda\Documents\JAS Active\Phillips v. Estate of Arnold, et al\Pleadings\MSJ.doc

LAW OFFICES
SMYTH & MASON, PLLC
7100 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 621-7100

1  Second Knibb Decl. ¶ 2.g, at 3, 194, 212.  Like his declaration, the assertions in the motion itself

2  confirm that Phillips' knowledge of the facts underlying his claims pre-dates March 12, 2010.  The

3  Motion states that in October 2008:

4
5          **[I]t was Wallace who had taken selective information off his computer and**
           **provided it to Arnold and his attorney. It was this information that formed**
6          **the alleged factual basis for Arnold's lawsuit**.

7  *Id.* at 198 (lines 7-9) (emphasis added).  The motion also argues,

8          In this case, it is far from clear what the purpose of the voting trust was **other**
9          **than to wrest control of MOD Systems from Mr. Phillips so that Wallace and**
           **Cane could take over the company and loot it**.

10 *Id.* at 206 (lines 7-10) (emphasis added).

11
12         On October 8, 2009, Phillips filed a Reply in Support of the Motion to Terminate Voting

13 Trust. Ex. H, Second Knibb Decl. ¶ 2.h, at 3, 214-221.  In that Reply, Phillips through his counsel

14 stated as follows:

15         Mr. Phillips will move for dismissal of the shareholder derivative allegations . . .
16         in Mr. Arnold's amended complaint. Regardless of its questionable
           underpinnings, however, one point is clear: **The law firm that is in charge of**
17         **deciding whether to honor Mr. Phillips' revocation of his voting trust is the**
           **same firm that is suing him individually for, among other things, fraud and**
18         **misrepresentation.**

19
           **The trust has no evident purpose other than to wrest effective control of**
20         **MOD Systems from Mr. Phillips**, even though he remains a 70 percent
           shareholder in the corporation. **What is worse, the voting trust that was used to**
21         **oust him from his own company is in control of the very lawyers who are**
           **suing him** and Anthony Bay, MOD's CEO who was originally sued in the case.
22         After the DRC report was issued and it became clear that Bay was on board with
           **the scheme to take away the company**, he was dismissed from the case . . . .
23

24 *Id.* at 217-218 (beginning on line 20 of page 217) (emphasis added).

25
           By letter dated September 30, 2009, directed to certain MOD Systems Series A
26 shareholders, Mr. Phillips' then counsel Mark Johnson also made statements confirming Phillips'

27 knowledge at that time.  *See* Ex. J, Second Knibb Decl. ¶ 4, at 3, 238-240.  For example, Phillips'

28

LAW OFFICES
SMYTH & MASON, PLLC
7100 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 621-7100

counsel stated:  "We have performed an extensive search for information on Jan Wallace, who we believe is the individual who instigated the lawsuit against Mr. Phillips and MOD."  *Id.* at 238. The letter also stated, "This lawsuit is simply extortion by litigation. It is not a coincidence that this lawsuit was filed shortly after Toshiba, NCR, and Deluxe Entertainment Services Group, Inc. funded the company with $35,000,000; it was motivated by that funding. The allegations in the Arnold lawsuit, however histrionic, are not evidence.  The conflicts of interest on behalf of Ms. Cane and Mr. Bay are profound, and the DRC report is a sham."  *Id.* at 240.

In a Declaration of Mark Phillips dated January 6, 2010, also filed in King County Superior Court, Phillips again testified personally confirming his longstanding knowledge of the factual basis for his claims.  The declaration is largely identical to his testimony in his unsuccessful motion to terminate the voting trust.  *See* Ex. D, <u>Decl. of Shaunta Knibb re Request for Judicial Notice</u> ¶ 2.d, at 2, 65-75 (Dkt. #9-4).  He states in Paragraph 25 of this declaration as follows:

> **I later heard that Ms. Wallace had sought out Mr. Arnold, instigated the claim and provided him with material that she took from my computer.** I do not know exactly what she took, what she gave to Mr. Arnold or his lawyer, or what the Demand Review Committee looked at, **but some of the allegations in Mr. Arnold's initial complaint could only have come from Jan.**  For example, the complaint references a "Meteor Consulting" account in the Netherlands. **This information could only have come from Jan or material she provided to Arnold or his representatives**."

*Id.* at 71 (emphasis added).[1]

This court relied extensively on yet another letter dated March 4, 2010, by Phillips' then counsel Harmeet Dhillon (the "Dhillon Letter") in dismissing Phillips' claims against Ms. Cane on statute of limitations grounds by its order dated August 12, 2013.  *See, e.g.*, Order Granting

---

[1] He similarly testified in state court that <u>in March of 2009</u>, he was questioned by the MOD DRC about certain documents and emails that he was "told" came from "Wallace and Smyth" and that when read the DRC Report, he was "shocked that David Douglas, Cane, Bay, and Smyth had illegally accessed mine, A Dot, and Banana's computer files, accounting records, and trade secrets."  *See* Defendants Phillips' Dec. in Supp. of his Opp. of Plaintiff's Mot. to Strike Impertinent Material ¶¶ 15, 17 (dated June 8, 2012), attached as Ex. B to <u>Knibb Decl. Re Request for Judicial Notice</u>, at 38-39 (filed 4/25/13) (Dkt. Nos. 9 & 9-2).

MOTION FOR SUMMARY JUDGMENT - 13
Case No. 2:13-cv-004444-RSM
C:\Users\Linda\Documents\JAS Active\Phillips v. Estate of Arnold, et al\Pleadings\MSJ.doc

LAW OFFICES
SMYTH & MASON, PLLC
7100 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 621-7100

Defendant's Motion to Dismiss and Motion to Strike, at 6:16-7:21 (filed 8/9/13) (Dkt. #22 in 2:13-cv-00596-RSM, attached as Ex. E, <u>Second Knibb Decl.</u> ¶ 2.e, at 3, 177-178.  The Dhillon Letter is equally powerful evidence in favor of dismissal of the claims against Ms. de Haan and Mr. Smyth on the same grounds.  It states in pertinent part as follows:

> Mr. Phillips, who owns the majority of the intellectual property that MOD seeks to exploit and a majority of the company's shares, ran MOD until March, 2009, when he was forced by board member Kyleen Cane to step down from Chairmanship and Chief Executive Officer positions based upon accusations of mismanagement and conflict of interest by a minority shareholder, Robert M. Arnold, in Arnold's February, 2009 lawsuit against MOD. **Arnold's advisor and attorney in fact, Juila de Haan, worked hand-in-hand with Cane and Wallace [Jardin] to engineer the lawsuit. Cane coerced Phillips into placing his majority shareholdings in a voting trust controlled by Cane as the sole trustee.**

Ex. I, <u>Second Knibb Decl.</u> ¶ 3, at 3, 229-230 (emphasis added). The Dhillon Letter also described a supposed intent to file:

> **False Claims Act complaints regarding the conduct of a MOD director and that individual's longstanding business associates, including the individual who instigated Robert Arnold's lawsuit presently pending against MOD's former Chief Executive Officer and founder, Mark Phillips, and related actions**.

*Id*. at 225 (emphasis added).

The Dhillon Letter further states that "**Robert Arnold's, financial advisor, Julia de Haan, who was fully aware of the falsity of the allegations in legal pleadings she approved on Arnold's behalf,**" was part of a "**control group**" bent on hurting MOD and Phillips.  *Id*. at 225-226 (emphasis added).  The letter characterizes the control group as a "**fraud ring**." *Id*. at 227 (emphasis added).  The letter further states:

> **Mr. Phillips has been locked out of MOD, the company he and his colleagues founded, and has been denied access to corporate books and records required to defend the lawsuit against him and pursue his own claims against Arnold and the racketeers. Mr. Phillips was summarily terminated by the company (controlled by Bay, Cane and Hotard with Arnold's support). . . . .**

MOTION FOR SUMMARY JUDGMENT - 14
Case No. 2:13-cv-004444-RSM
C:\Users\Linda\Documents\JAS Active\Phillips v. Estate of Arnold, et al\Pleadings\MSJ.doc

LAW OFFICES
SMYTH & MASON, PLLC
7100 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 621-7100

*Id.* at 230.  The letter states that "a Demand Review Committee ('DRC')" was formed "to review the allegations by Mr. Arnold" and that "**[d]uring the course of its 'investigation,' Cane attempted to pressure Phillips into transferring the entirety of his share holdings to Arnold in order to settle the lawsuit (and Arnold's shares, in turn, were in control of Julia de Haan, who worked hand in hand with Wallace and Cane to engineer the lawsuit**)."  *Id.* at 231.  The letter also identified Phillips' intent, without MOD's cooperation to "**Pursue legal action against Arnold, Cane, Wallace, Bay, Hotard, De Bakker and their accomplices and affiliates for the full amount of damages caused to MOD <u>and MOD's ousted officers and directors,</u>**" of which Mark Phillips was one. (emphasis added).  *Id.* at 235-236.

 Phillips' claims for fraud, tortious interference, and conspiracy in this case are all based on the same allegations.  As to fraud, Phillips' Complaint at paragraph 162 states: "Mr. Arnold, alone and in concert with his agents, Ms. de Haan and Mr. Smyth, as well as in concert with Ms. Wallace, upon learning of the success of MOD and its investment from Toshiba, planned to remove Phillips from MOD and to take as much of his contractual and property rights as possible." Compl. ¶ 162.  As to Phillips' two tortious interference causes of action, Complaint paragraphs 141 and 152 allege the interference was motivated by a desire to "step into or assume the contractual rights and benefits of plaintiff."  Compl. ¶¶ 141, 152.  Complaint paragraph 140 provides examples of that alleged interference:  the filing of "baseless" claims, the institution of the MOD demand review committee, and an attempt to force Phillips to relinquish his interests and shares in MOD and A-Dot.  Compl. ¶ 140.  As to conspiracy, Phillips alleges that the "goal of the conspiracy was to wrongfully possess or steal as much of plaintiff's property as possible, thus enriching themselves at plaintiff's expense."  Compl. ¶ 175.  Phillips alleges that "Ms. Wallace conspired with her long time partner Ms. Cane, as well as defendants Mr. Arnold, Ms. de Haan, Mr. Smyth and Mr. Lundvall to remove plaintiff from any management or ownership role in MOD

LAW OFFICES
SMYTH & MASON, PLLC
7100 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 621-7100

and Banana in order to enrich themselves at Mr. Phillips' expense." *Id.*  All of the above letters, declarations, and pleadings confirm Mark Phillips' knowledge of those claims well before March 12, 2010, three years before the filing of the Complaint in this action.

## III.  LEGAL ARGUMENT

A.    Summary Judgment Standard

Summary judgment is warranted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party has the burden of establishing the absence of a genuine dispute of material fact. City of Pomona v. SQM North Am. Corp., __ F.3d __, 2014 WL 1724505 (9th Cir. May 2, 2014) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). "The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor."  *Id.* (citing Clicks Billiards Inc. v. Sixshooters Inc., 251 F.3d 1252, 1257 (9th Cir. 2001)).  Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient . . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  Moreover, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial."  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (citation and quotation marks omitted).  This is clearly the situation here.

B.    Request for Judicial Notice

The court may take judicial notice of an adjudicative fact "not subject to reasonable dispute" when it can be "accurately and readily determined from sources whose accuracy cannot

MOTION FOR SUMMARY JUDGMENT - 16
Case No. 2:13-cv-00444-RSM
C:\Users\Linda\Documents\JAS Active\Phillips v. Estate of Arnold, et al\Pleadings\MSJ.doc

LAW OFFICES
SMYTH & MASON, PLLC
7100 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 621-7100

reasonably be questioned." Fed.R.Evid. 201(b).   Judicial notice can be taken of other court proceedings and opinions.  Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001) (court opinion); U.S., ex rel Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (other court proceedings).  It can also be taken of previously filed declarations.  Harris v. County of Orange, 682 F.3d 1126, 1131 (9th Cir. 2012) (declaration); and Nucal Foods Inc. v. Quality Egg LLC, 887 F. Supp. 2d 977, 984-85 (E.D. Cal. 2012) (pleadings and affidavits filed in state court proceedings).   Additionally, although normally used in the context of a motion to dismiss, rather than a summary judgment, the court may take judicial notice of documents on which allegations in the Complaint necessarily rely.  In re Gilead Sciences Sec. Litig., 2005 WL 181885, *4 (N.D. Cal. Jan. 26, 2005) ("'the Court may take judicial notice of documents on which allegations in the [complaint] necessarily rely, even if not expressly referenced in the [complaint], provided the authencity of those documents is not in dispute.'").  Finally, judicially noticed dates may be used to grant a motion to dismiss.  Critchlow v. Critchlow, 2013 WL 670448, at *7 (N.D. Cal. Feb. 25, 2013) (dismissing on basis of statute of limitations).

Based on the above authority, defendants request the Court to take judicial notice of and to consider as evidence supporting this motion the following documents attached to the Declaration of Shaunta Knibb re Request for Judicial Notice (filed 4/25/2013) (Dkt. #9) and the Second Declaration of Shaunta M. Knibb Re Request for Judicial Notice filed herewith, in support of this motion and request for judicial notice:

1.   Defendants Phillips's Declaration in Support of his Opposition of Plaintiff's Motion to Strike Impertinent Material (dated June 8, 2012), filed in Robert M. Arnold o/b/o Banana Corporation v. Mark Phillips, et al. under King County Cause No. 10-2-10227-2 SEA. Ex. B, Decl. of Knibb re Request for Judicial Notice at 65-84 (filed 4/25/2013) (Dkt. #9).

2.   Declaration of Mark Phillips in Support of Phillips' Opposition to MOD

LAW OFFICES
SMYTH & MASON, PLLC
7100 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 621-7100

Systems Incorporated's Emergency Motion to Compel Arbitration and Selection of an Arbitrator (dated January 6, 2010).  Ex. D, Decl. of Knibb re Request for Judicial Notice at 65-84 (filed 4/25/2013) (Dkt. #9).

3.      Complaint filed on April 2, 2013, in Phillips v. Cane, in the U.S. District Court for the Western District of Washington under Cause No. 2:13-cv-00596-JCC.  Ex. G, Decl. of Knibb re Request for Judicial Notice at 65-84 (filed 4/25/2013) (Dkt. #9).

4.      Verified Complaint for Breach of Fiduciary Duty, Oppression of a Shareholder, Fraud, Negligent Misrepresentation, Conversion, Accounting, Violation of Washington Securities Act, Corporate Waste, Civil Conspiracy, Declaratory Relief, Appointment of Custodian, Unjust Enrichment, Violation of Corporate Opportunities Doctrine, and Embezzlement, filed on February 18, 2009 in Robert M. Arnold, o/b/o MOD Systems, Inc. & Banana Corp. v. Mark Phillips, et al., King County Cause No. 09-2-07-963-3 SEA.  Ex. A, Second Knibb Decl. ¶ 2.a, at 2, 7-27.

5.      Declaration of Derek De Baker in Support of Defendant Kyleen Cane's Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment, filed 5/16/2013, in the United States District Court for the Western District of Washington, as Dkt. #13 in Phillips v. Cane, 2:13-cv-00596-JCC.  Ex. B, Second Knibb Decl. ¶ 2.b, at 2, 28-149.

6.      The Findings of Fact and Conclusions of Law and Judgment entered in Robert M. Arnold o/b/o Banana Corporation v. Phillips, et al., King County Cause No. 10-2-10227-2 SEA.  Exs. C & D, Second Knibb Decl. ¶ 2.c, at 2, 150-170.

7.      Order Granting Defendant's Motion to Dismiss and Motion to Strike filed 8/9/13 in Phillips v. Cane, in this Court under case number 2:13-cv-00596-RSM.  Ex. E, Second Knibb Decl. ¶ 2.e, at 3, 171-182.

8.      Declaration of Mark Phillips dated September 24, 2009, filed in Arnold v.

MOTION FOR SUMMARY JUDGMENT - 18
Case No. 2:13-cv-004444-RSM
C:\Users\Linda\Documents\JAS Active\Phillips v. Estate of Arnold, et al\Pleadings\MSJ.doc

LAW OFFICES
SMYTH & MASON, PLLC
7100 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 621-7100

Phillips, et al., King County Superior Court Cause No. 09-2-07963-3 SEA.  Ex. F, Second Knibb Decl. ¶ 2.f, at 3, 183-192.

9.    Defendants Phillips' Motion to Terminate Voting Trust and to Remove Kyleen Cane and Anthony Bay from Demand Review Committee (filed Sept. 24, 2009) and Defendant Phillips' Reply in Support of Motion to Terminate Voting Trust and in in to Remove Kyleen Cane and Anthony Bay from Demand Review Committee (filed Oct. 8, 2009), in Arnold v. Phillips, King County Superior Court Cause No. 09-2-07963-3 SEA.  Exs. G & H, Second Knibb Decl. ¶ 2.g & 2.h, at 193-221.

Additionally, defendants request that the court take judicial notice of the Ninth Circuit's published decision in United States v. Mark E. Phillips, 704 F.3d 754 (9th Cir. 2012).

C.    Each of the State Law Claims Is Time-Barred

1.    Fraud

The statute of limitations for fraud is three years.  RCW 4.16.080(4).  A limitations period begins to run on the date that a cause of action accrues.  Crownover v. State, ex rel. Dept. of Transp., 165 Wn. App. 131, 141, 265 P.3d 971, 977 (2011).  A cause of action for fraud accrues when the aggrieved party discovers the facts of the alleged fraud.  RCW 4.16.080(4); Hudson v. Condon, 101 Wn. App. 866, 875, 6 P.3d 615, 620 (2000).  Actual knowledge of fraud may be inferred, "if the aggrieved party, through due diligence, could have discovered it."  Id. "Accordingly, the statute of limitations for a damage action based on fraud commences when the aggrieved party discovers, or should have discovered, the fact of fraud and sustains some damage as a consequence."  Id.

Mr. Phillips' pending state law fraud claim is premised on allegations that Mr. Arnold, in concert with Ms. de Haan, Mr. Smyth, and Ms. Wallace "planned to remove Mr. Phillips from MOD and to take as much of his contractual and property rights as possible."  Compl. ¶ 162.  The

MOTION FOR SUMMARY JUDGMENT - 19
Case No. 2:13-cv-004444-RSM
C:\Users\Linda\Documents\JAS Active\Phillips v. Estate of Arnold, et al\Pleadings\MSJ.doc

LAW OFFICES
SMYTH & MASON, PLLC
7100 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 621-7100

declarations and letters quoted confirm Mr. Phillips' knowledge of that alleged behavior before March 12, 2010.  The Dhillon Letter dated March 10, 2010, expresses an intent "to pursue legal action against Arnold, Cane, Wallace, Bay, Hotard, De Bakker and their accomplices and affiliates for the full amount of damages caused to MOD *and* MOD's ousted officers and directors."  Ex. I, Second Knibb Decl. ¶ 3, at 235 (emphasis added).  It claims that Phillips was forced to step down from his majority shareholder and CEO position, that de Haan acted hand in hand with Cane and Wallace to engineer the lawsuit for fraudulent purposes, caused the DRC to be formed, coerced Phillips into placing his shares into the Voting Trust, pressured him to relinquish his shares to Arnold and violated a variety of contracts in the process.  *Id.* at 229-231.  The October 8, 2009 Reply in Support of Defendant Phillips' Motion to Terminate Voting Trust asserts that "the voting trust that was used to oust him [Phillips] from his own company is in control of the very lawyers who are suing him" and describes a "scheme to take away the Company" from Mr. Phillips.  Ex. H, Second Knibb Decl. ¶ 2.h, at 3, 217-218. The Motion to Terminate Voting Trust dated September 24, 2009, claims that the purpose of the voting trust was "to wrest control of MOD Systems away from Mr. Phillips so that Wallace and Cane could take over the company and loot it." Ex. G, Second Knibb Decl. ¶ 2.g, at 3, 206.

Phillips clearly knew by March 4, 2010, of Smyth and de Haan's alleged fraudulent scheme to take control of his shares and his company and the alleged damages that caused.  Accordingly, because the cause of action accrued no later than March 4, 2010, and the Complaint was filed on March 12, 2013, the three-year statute of limitations has run on Phillips' claim for fraud.

2.    Tortious Interference

The statute of limitations for tortious interference with a contract or business expectancy is three years.  RCW 4.16.080(2); City of Seattle v. Blume, 134 Wn.2d 243, 251, 947 P.2d 223 (1997).  The action accrues when the plaintiff knows or should know the relevant facts, whether or

LAW OFFICES
SMYTH & MASON, PLLC
7100 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 621-7100

not the plaintiff also knows that these facts are enough to establish a legal cause of action.  Were the rule otherwise, the discovery rule would postpone accrual in every case until the plaintiff consults an attorney.  Allen v. State, 118 Wn.2d 753, 758, 826 P.2d 200 (1992).  The pending tortious interference claims are premised on the filing of alleged baseless claims, the institution of the MOD DRC, an attempt to force Phillips to relinquish his interests and shares in MOD, and a desire to step into or assume the contractual rights and benefits of plaintiff.  Compl. ¶¶ 134-146.  The 2009 Motion to Terminate Voting Trust and supporting pleadings and the March 4, 2010 Dhillon Letter describes precisely that behavior.  Thus, Phillips knew or should have known by no later than March 4, 2010, that a cause of action against Smyth and de Haan for alleged interference with contract rights had accrued.  Accordingly, because the cause of action accrued no later than March 4, 2010, and the Complaint was filed on March 12, 2013, the three-year statute of limitations has run on Phillips' claim for tortious interference.

### 3.  Conspiracy

A claim for conspiracy is only viable if the underlying claim from which it derives is actionable.  Northwest Laborers-Employers Health & Sec. Trust Fund v. Philip Morris, Inc., 58 F. Supp. 2d 1211, 1216 (W.D. Wash. 1999).  Phillips alleges that "Ms. Wallace conspired with her long time partner Ms. Cane, as well as defendants Mr. Arnold, Ms. de Haan, Mr. Smyth, and Mr. Lundvall to remove Mr. Phillips from any management or ownership role in MOD and Banana in order to enrich themselves at Mr. Phillips' expense."  Compl. ¶ 175.  Thus, Phillips' conspiracy claim necessarily depends on the viability of the fraud claim and tortious interference claim, which are time barred.  See Spencer v. Peters, 2012 WL 4514417, at *8 (W.D. Wash. Oct. 2, 2012) (dismissing civil conspiracy claim on ground that underlying claim was time-barred).

### 4.  Trespass to Chattels and Conversion

The Court's Order of August 16, 2013, in this action also justifies dismissal of Phillips'

MOTION FOR SUMMARY JUDGMENT - 21
Case No. 2:13-cv-004444-RSM
C:\Users\Linda\Documents\JAS Active\Phillips v. Estate of Arnold, et al\Pleadings\MSJ.doc

LAW OFFICES
SMYTH & MASON, PLLC
7100 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 621-7100

trespass to chattels and conversion claims.  There, the court found that a "fair reading of the Complaint demonstrates that Phillips observed numerous times in 2008 and 2009 that his computers were accessed and that his data was taken . . . ."  Order on Mot. to Dismiss, at 11 (Dkt. #27).  Phillips himself alleges in this lawsuit that his conversion claim began in "2008." *See, e.g.*, Compl. ¶¶ 58, 61, 114, 140.  His earlier declarations filed in other proceedings also demonstrate and discuss the alleged improper access to his computers.  *See, e.g.*, Ex. D, <u>Knibb Decl. re Request for Judicial Notice</u> ¶ 2.d, at 2, 65-75 (Dkt. #9-4); Ex. F, <u>Second Knibb Decl.</u> ¶ 2.f, at 3, 184-188.  Conversion claims are subject to a three-year catchall statute of limitations under RCW 4.16.080(2).  <u>Crisman v. Crisman</u>, 85 Wn. App. 15, 19, 931 P.2d 163 (1997).  The trespass to chattels claim also logically falls within the catchall statute of limitations.  *See* RCW 4.16.080(2) ("The following actions shall be commenced within three years: . . . (2) An action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof, or for any other injury to the person or rights of another not hereinafter enumerated").

        D.     <u>Mr. Phillips Has Failed to State a Valid Cause of Action for Conspiracy</u>

While the statute of limitations is determinative, Phillips' claims for conspiracy can also be dismissed on an independent basis.  Under Washington law, to establish a conspiracy plaintiff must prove by clear, cogent and convincing evidence that (1) two or more people combined to accomplish an unlawful purpose, or combined to accomplish a lawful purpose by unlawful means; and (2) the conspirators entered into an agreement to accomplish the conspiracy."  <u>All Star Gas v. Bechard</u>, 100 Wn. App. 732, 740, 998 P.2d 367 (2000).  However, "when the facts and circumstances relied upon to establish a conspiracy are as consistent with a lawful or honest purpose as with an unlawful undertaking, they are insufficient."  *Id.*

Here, even assuming all reasonable inferences in Phillips' favor, the acts of Mr. Arnold, Ms. de Haan, and Mr. Smyth are at minimum equally consistent with the lawful and honest

LAW OFFICES
SMYTH & MASON, PLLC
7100 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 621-7100

purpose of a shareholder holding Phillips to account for his misconduct. Misconduct by Mark Phillips has been repeatedly found to exist by the DRC, by the arbitrator, by Judge Erlick in the Banana Litigation, and by this court in the criminal proceeding. "An act consistent with a lawful and honest undertaking cannot form the basis of a civil conspiracy." Allstate Ins. Co. v. Tacoma Therapy, Inc., 2014 WL 1494100, at *3 (W.D. Wash. April 16, 2014) (citing Lewis Pac. Dairymen's Ass'n v. Turner, 50 Wn.2d 762, 772, 314 P.2d 625 (1957)). Phillips action for conspiracy fails on this basis as well.

E. Mr. Phillips Cannot Prove Improper Purpose or Means for a Tortious Interference Claim as a Matter of Law

While the statute of limitations is determinative, Phillips' claims for tortious interference can also be dismissed on an independent basis. A claim for tortious interference with a contract or business expectancy requires five elements: (1) the existence of a valid contractual relationship or business expectancy, (2) that defendants had knowledge of that relationship, (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy, (4) that defendants interfered for an improper purpose or used improper means, and (5) resultant damage. Leingang v. Pierce County Med. Bur., Inc., 131 Wn.2d 133, 157, 930 P.2d 288 (1997). Phillips cannot show item 4, "improper purpose or used improper means," as a matter of law.

Here, Phillips' tortious interference claims are premised on the alleged filing of baseless claims, the institution of the MOD Demand Review Committee, an attempt to force Phillips to relinquish his interests and shares in MOD and A-Dot, and a desire to step into or assume the contractual rights and benefits of plaintiff. Compl. ¶¶ 134-146. Yet it is clear that the DRC, the arbitrator, the King County Superior Court, and this Court acting in the criminal action all found the accusations of misconduct against Phillips to have merit, and all four found against Phillips. Mr. Smyth and Ms. de Haan were demonstrably acting on Mr. Arnold's behalf to protect the

LAW OFFICES
SMYTH & MASON, PLLC
7100 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 621-7100

companies in which he had invested from Phillips' demonstrable misconduct when the verified complaint on behalf of Mr. Arnold was filed. "Exercising in good faith one's legal interests is not improper interference." Leingang, 131 Wn.2d at 157. Moreover, any damage or disgrace that Phillips suffered as a result of actually being held to account for his own misconduct are attributable to his *own* misconduct, not to the participation of Mr. Smyth and Ms. de Haan as Robert Arnold's representatives in holding Phillips to account. Phillips' causes of action for tortious interference should be rejected on that basis as well.

## IV.  CONCLUSION

By affording complete closure through dismissal of all state law claims with prejudice, the Court will end litigation that should never have been filed in the first place, and foreclose further duplicative litigation by Mr. Phillips.

DATED this 22nd day of May, 2014.

*s/ Shaunta M. Knibb*

Christopher C. Mason, WSBA #14442
Shaunta M. Knibb, WSBA #27688
SMYTH & MASON, PLLC
701 Fifth Avenue, Suite 7100
Seattle, WA  98104
t (206) 621-7100
f (206) 682-3203
cmason@smythlaw.com
shaunta@smythlaw.com

*Attorneys for Defendants Julia de Haan,
Jeffrey Alan Smyth*

MOTION FOR SUMMARY JUDGMENT - 24
Case No. 2:13-cv-004444-RSM
C:\Users\Linda\Documents\JAS Active\Phillips v. Estate of Arnold, et al\Pleadings\MSJ.doc

LAW OFFICES
SMYTH & MASON, PLLC
7100 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 621-7100

## CERTIFICATE OF SERVICE

Cheryl L. Spangler makes the following statement under penalty of perjury under the laws of the State of Washington:

1.      I am a legal assistant at the law firm of Smyth & Mason, PLLC.  I make this declaration of my own personal knowledge about matters of which I am competent to testify.

2.      On May 22, 2014, I caused to be served a true and correct copy of the foregoing *DEFENDANTS DE HAAN'S AND SMYTH'S MOTION FOR SUMMARY JUDGMENT OF DISMISSAL OF CLAIMS FOR TORTIOUS INTERFERENCE WITH CONTRACT (MOD); TORTIOUS INTERFERENCE WITH CONTRACT (BANANA); FRAUD; CONSPIRACY; TRESPASS TO CHATTELS; AND CONVERSION* on the following parties via United States District Court – Western District of Washington's Electronic Case Filing System ("ECF") at the following addresses:

- **Reed Anthony Yurchak**

yurchaklaw@gmail.com

DATED at Seattle, Washington, this 22nd day of May, 2014.

*s/ Cheryl L. Spangler*
Cheryl L. Spangler, Legal Assistant

MOTION FOR SUMMARY JUDGMENT - 25
Case No. 2:13-cv-004444-RSM
C:\Users\Linda\Documents\JAS Active\Phillips v. Estate of Arnold, et al\Pleadings\MSJ.doc

LAW OFFICES
**SMYTH & MASON, PLLC**
7100 COLUMBIA CENTER
701 FIFTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 621-7100