UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARK E. PHILLIPS,

        Plaintiff,

   v.

THE EXECUTOR OF THE ESTATE OF

ROBERT MORRIS ARNOLD, *et al.*,

        Defendants.

Case No. C13-0444RSM

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

## I.    INTRODUCTION

This matter comes before the Court on Defendants Julia de Haan's and Jeffrey Smyth's Motion for Summary Judgment (Dkt. # 49). These Defendants seek dismissal of the remaining state law claims against them based, *inter alia*, on the expiration of the statute of limitations. Plaintiff argues that the statute of limitations has not expired because he did not discover the facts supporting his claims until after his criminal trial in 2011. Dkt. #55. For the reasons set forth below, the Court GRANTS Defendants' motion and dismisses all remaining claims against Defendants de Haan and Smyth.

## II.    BACKGROUND

This case arises from the alleged wrongful acquisition of data by Defendants from computers owned by Plaintiff and A Dot Corporation (A Dot), a private corporation owned by Plaintiff, and the subsequent unlawful use of that information to extort him. Dkt. # 1 at 2. The

ORDER
PAGE - 1

relevant facts have been set out in previous Orders of this Court and are incorporated by reference herein. *See* Dkt. #27.

### III.   DISCUSSION

**A. Summary Judgment Standard**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (*citing Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)). Material facts are those which might affect the outcome of the suit under governing law. *Anderson,* 477 U.S. at 248.

The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Further, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 251.

**B. Judicial Notice**

As an initial matter, Defendants and Plaintiff ask the Court to take judicial notice of several documents. Courts may take judicial notice of a fact that "is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy

cannot reasonably be questioned." Fed. R. Evid. 201. Likewise, the Court may take judicial notice of undisputed "matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). Matters of public record include documents "on file in federal or state courts." *Harris v. County of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012); *see also NuCal Foods, Inc. v. Quality Egg LLC*, 887 F. Supp. 2d 977, 984-85 (E.D. Cal. 2012) (taking judicial notice of pleadings and affidavits filed in state court proceedings).

Defendants' request for judicial notice shall be granted as to all of the documents requested in its motion, as each of those documents was publicly filed in various state and federal cases. Dkt. #49 at 17-19. Although the Court may not "accept the veracity of the representations made in the documents, it may properly take judicial notice of those documents and of the representations having been made therein." *NuCal Foods*, 887 F. Supp. 2d at 984 (internal quotations omitted). In addition, the Court continues to take judicial notice of the documents previously considered in this matter. *See* Dkt. #27 at 4-6. With respect to the documents requested by Plaintiff, the Court will take judicial notice of some of the documents attached to the Declaration of Reed Yurchak, which have also been publicly filed in various state and federal cases or are not disputed by Defendants, including those exhibits described at paragraphs 2.a., 2.c., 2.e., 2.i., 2.k., and 2.p.-2.v. *See* Dkt. # 56 *and exhibits thereto*. The Court will not take judicial notice of the remaining documents requested by Plaintiff as they either constitute inadmissible hearsay, they have not been properly authenticated by Mr. Yurchak, and/or they are not pertinent to the Court's resolution of this matter.[1]

---

[1] The Court does not consider Plaintiff's opposition to Defendants' motion to strike (Dkt. #60), nor does it consider Defendants' reply to Plaintiff's opposition (Dkt. #61), as neither of these pleadings are permissible under Local Rule CR 7(g).

ORDER
PAGE - 3

### C. Statute of Limitations

The remaining state law claims against Defendants Smyth and de Haan are fraud, tortious interference, conspiracy, and trespass to chattels and conversion. These claims arise from the same set of facts at the previously-dismissed Computer Fraud and Abuse Act ("CFAA") claim. *See* Dkts. #1 and #27. As with the previous CFAA claim, the Court now finds that the Complaint and judicially noticed documents make clear that the alleged facts upon which these claims are based was discovered before March 30, 2010.

For example, in a Declaration of Mark Phillips dated September 24, 2009, Mr. Phillips stated that he had heard that Mr. Arnold was investigating him and that Jeff Smyth had been receiving stolen data from Plaintiff's computers as part of that investigation. Dkt. #50, Ex. F at ¶ 11. He further alleges that such stolen data formed the basis of a lawsuit brought before the instant one by Robert Arnold against Plaintiff. *Id.* at ¶ ¶ 12 and 24. Other documents confirm the same. *See* Dkt. #50, Exs. D, G and H.

In addition, as previously noted by this Court, the allegations contained within the Complaint directly contradict Plaintiff's assertion that he first learned Defendants accessed his personal computers when he reviewed FBI files in January of 2013. For instance, in paragraph 82 Plaintiff alleges that he was presented with a draft complaint on December 18, 2008, of a lawsuit initiated against him and MOD by Mr. Arnold and Mr. Smyth. The Complaint states "[t]he draft complaint was laden with information stolen from A Dot's computers by Ms. [Jardin], which Mr. Smyth knew was stolen." Dkt. # 1 at ¶ 82. Thus, Plaintiff alleges that he knew in 2008 that information had been stolen from A Dot's computers. Likewise, paragraph 94 alleges that "Mr. Smyth held numerous meetings in 2008 and 2009 with Ms. [Jardin], including meetings where Ms. [Jardin] was observed physically taking Phillips/A Dot

ORDER
PAGE - 4

computers to meetings with Mr. Smyth. . . ." *Id.* at ¶ 94. Moreover, paragraph 97 alleges as follows:

> 97. Mr. Smyth has continued to use data stolen from Phillips/A Dot's computers as leverage in negotiations with Phillips, MOD and their representatives, attempting to coerce a settlement of Mr. Arnold's claims. For example, during a meeting with Mr. Phillips in March 2009, a meeting demanded by Ms. Cane, Mr. Bay, and MOD's then attorneys at Lane Powell, to attempt to settle Mr. Arnold's claims against Mr. Phillips, they pulled documents from a folder that are believed to be Mr. Phillips' private bank documents (stolen directly from Mr. Phillips's and/or A Dot's computers by Ms. [Jardin] and provided by Mr. Smyth to Ms. Cane and Mr. Bay), and "confronted" Mr. Phillips with the allegation that he had engaged in financial wrongdoing related to A Dot. Mr. Phillips' attorneys at the time, Anthony Gewald and Ronald Braley of Lasher Holzapfel Sperry & Ebberson witnessed Ms. Cane, Mr. Bay and the Lane Powell attorney's presentation of materials stolen from Mr. Phillips' and/or A Dot's computers, which documents were described as originating from Mr. Smyth and Ms. [Jardin], at the meeting.

Dkt. # 1, ¶ 97. These allegations show that Plaintiff and his lawyers were "confronted" with stolen documents, taken from "Phillips and/or A Dot's computers," that "were described as originating from Mr. Smyth and Ms. [Jardin][]" in March of 2009. *Id.* In all, a fair reading of the Complaint demonstrates that Plaintiff observed numerous times in 2008 and 2009 that his computers were accessed and that his data was taken by Jardin and used by Smyth.

In addition, as the Court also noted in its previous Order, the A Dot complaint filed in this Court on March 30, 2010, which was voluntarily dismissed, asserted a claim for violation of the CFAA with respect to A Dot's computers. The allegations supporting that claim are largely identical to the allegations of this Complaint. As but one example, paragraph 97 in this Complaint is substantively identical to paragraph 68 from the A Dot complaint. The only differences between them are that the new Complaint inserts "Mr. Phillips and/or" before A Dot, and it adds "and Ms. [Jardin]" after "Mr. Smyth" in the last line. Thus, it appears that Plaintiff was indeed aware that Jardin and Smyth stole data and confronted him with it at a

ORDER
PAGE - 5

March 2009 meeting, and that he knew that he had an actionable CFAA claim by at least March 30, 2010, when the A Dot complaint was filed. This is consistent with Phillips' own admission that "[r]egarding [my] discovery of the damage, it is true [I have] made these allegations previously as [I] was confronted with the stolen personal data in [my] criminal trial and prior litigation and by defendants themselves." Dkt. #15 at 18. Thus, Plaintiff concedes that he knew Defendants stole data from his and A Dot's computers and that he in fact filed suit based on that knowledge back in 2010.

Further, the Dhillon Letter, which has been cited to and relied on in several actions brought by Plaintiff in this Court, specifically references Ms. de Haan, alleging that she had full knowledge of the falsity of Mr. Arnold's allegations and that she was part of an alleged fraud ring, which also included Mr. Smyth. Dkt. #50, Ex. I.

Together, Plaintiffs' current allegations, the documents of which this Court has taken judicial notice, the A Dot complaint, Plaintiff's own admissions, and his prior sworn testimony demonstrate that he knew Defendants breached his computers and allegedly conspired to commit the fraud of which he now complains before March 30, 2010. Accordingly, the Court finds Plaintiffs' remaining state law claims to be time-barred.

As Plaintiff previously argued with respect to his CFAA claim, he now argues that the statute of limitations be equitably tolled due to Defendants' "concealment and fraud in order to prevent plaintiff from learning specific facts." Dkt. #55 at 14. The doctrine of equitable tolling requires litigants to satisfy two elements: (1) that they have been diligently pursuing their rights and (2) that an extraordinary circumstance stood in the way of litigating the claims. *See Credit Suisse Sec. (USA) LLC v. Simmonds*, _ U.S. _, 132 S. Ct. 1414, 1419 (2012). Further, to invoke equitable tolling due to concealment, a plaintiff must "plead facts showing that [the

ORDER
PAGE - 6

defendant] affirmatively mislead it, and that [the plaintiff] had **neither actual or constructive knowledge** of the facts giving rise to its claim. . . . " *Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055, 1060 (9th Cir. 2012) (emphasis original).  Stated differently, the plaintiff must be "ignorant of the existence of his cause of action." *Id.*  As discussed above, Plaintiff has not demonstrated that he was ignorant of the facts supporting his remaining causes of action prior to 2011.  Accordingly, the remaining state law claims shall be dismissed with prejudice against Defendants de Haan and Smyth.

## IV.   CONCLUSION

The Court, having considered Defendants' motion, the response and reply thereto, the attached declarations and exhibits, and the remainder of the record, hereby finds and ORDERS:

1) Defendants de Haan's and Smyth's Motion for Summary Judgment (Dkt. #49) is GRANTED.  The remaining claims for fraud, tortious interference, conspiracy and trespass to chattels and conversion, against de Haan and Smyth, are dismissed with prejudice.

2) The CLERK shall terminate Julia de Haan and Jeffrey Alan Smyth as Defendants to this action.

3) The Clerk SHALL mail a copy of this Order to the only remaining Defendant, Juanita Mary Jardin a/k/a Jan Wallace, at P.O. Box 503, Stittsville, Ontario, Canada K2S 1A6.

DATED this 25th day of September 2014.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE